UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHELSIE ROBINSON,

Plaintiff,

-against-

SHEYAA BIN ABRAHAM-JOSEPH, p/k/a "21 Savage"; JOHN DOES 1-10 (names currently unknown, individuals operating under the alias and likeness of "21 Savage";,

Defendants.

26-CV-7554 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Chelsea Robinson, a resident of Brooklyn, New York, brings this *pro se* action under the court's diversity jurisdiction, alleging that Defendants illegally obtained access to his musical works created in Brooklyn and thereafter profited from them without giving Plaintiff credit or payment. Named as Defendants are Sheyaa Bin Abraham-Joseph (an artist who performs professionally as 21 Savage) and ten John Doe Defendants. Plaintiff does not allege where any Defendant is domiciled. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court finds that venue in this district appears not to be proper under Section 1391(b)(1) because Plaintiff does not plead the residence or domicile of any of the Defendants. Even if the Court did assume that Defendants reside in this district, and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Brooklyn, New York, venue also would be proper under Section 1391(b)(2) in the Eastern District of New York, which encompasses Brooklyn (Kings County). *See* 28 U.S.C. § 112(c). In fact, Plaintiff alleges that "a substantial part of the events giving rise to the claim occurred in Brooklyn, New York," which is where Plaintiff alleges that he created the musical works and from where Defendants allegedly obtained unlawful access to the musical works.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, where Plaintiff created his musical works, where Defendants obtained unlawful access to them, and where Plaintiff currently resides. It is therefore reasonable to expect that nearly all relevant documents and witnesses also would be found in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 15, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge